# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, </br></br>Plaintiff,</br></br>v.</br></br>OLD TOWN DEVELOPMENT ASSOCIATES, LLC; AVERUS, INC.; and ACTION FIRE EQUIPMENT, INC.</br>Defendants. | )</br>)</br>)</br>)</br>)</br>)  No.</br>)</br>)</br>)</br>)</br>)</br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Hartford Underwriters Insurance Company ("Hartford") by its attorneys, Michael J. Duffy and Christopher M. Sweeney of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendant Old Town Development Associates, LLC ("Old Town"); Averus, Inc. ("Averus"); and Action Fire Equipment, Inc. ("Action Fire"), states as follows:

## STATEMENT OF THE CASE

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201, that Hartford owes no insurance coverage obligations to Old Town in connection with two, separate Third-Party Complaints (collectively referred to as the "*Third-Party Lawsuits*") filed against Old Town in the lawsuit styled, *Hartford Fire Insurance Company, as subrogee of the Second City, Inc., et al. v. Adobo Limited Partnership, et al.*, Case No. 16-L-11363 (consolidated with 17-L-01010) pending in the Circuit Court of Cook County, Illinois, Law Division.

## PARTIES

2. Hartford is an insurance company formed under the laws of the State Connecticut, with its principal place of business in Connecticut. Hartford conducts business in Illinois and within the geographical boundaries of this District.

3. Defendant Old Town is an Illinois limited liability company with its principal place of business in Illinois. The individual members of Old Town are not citizens of the State of Connecticut. Old Town conducts business within the geographical boundaries of this District and seeks coverage under an insurance policy issued in this District for a suit pending in this District.

4. Defendant Averus is a Wisconsin corporation with its principal place of business in Illinois. Averus is joined herein as an interested party to be bound by the judgment of this Court.

5. Defendant Action Fire is an Illinois corporation with its principal place of business in Illinois. Action Fire is joined herein as an interested party to be bound by the judgment of this Court.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the case concerns coverage under insurance policies issued in this District for a suit pending in this District, and the parties conduct business in this District.

**FACTUAL BACKGROUND**

8. Old Town is the owner of a commercial building commonly known as Piper's Alley (the "Building") located at 210-230 West North Avenue, Chicago, Illinois 60610. Old Town leases space in the Building to multiple commercial tenants, including the Second City, Inc ("Second City").

9. The *Third-Party Lawsuits* filed against Old Town stem from losses sustained by multiple tenants as a result of a fire that occurred in the Building on August 26, 2015 (the "Fire"). A copy of each Third-Party Complaint is attached hereto as Group Exhibit A.

10. The Fire, which allegedly began in space leased by a tenant operating a restaurant within the Building, caused other tenants, including Second City, to suffer significant damages. *See, id.*

11. The *Third-Party Lawsuits* allege that negligent acts and/or omissions on the part of Old Town relating to prior construction work performed on areas that were not part of the space leased to Second City were a direct and proximate cause of the injuries and losses sustained in the Fire. *See, id.*

12. In 2011, Old Town entered into a lease agreement (the "Lease Agreement") with Second City, Inc. ("Second City"), whereby Second City agreed to maintain:

> commercial general liability insurance . . . against assumed or contractual liability under [the] Lease, with respect to liability arising out of the ownership, use, occupancy or maintenance of the Premises and all areas appurtenant thereto, made by or on behalf of any persons, firm or corporation, arising from, related to, or connected with the conduct and operation of Tenant's business in the Premises . . . insuring Landlord, Landlord's agents, Landlord's mortgagee(s), if any, and Tenant, as their interests may appear, to afford protection with respect to personal injury, death or property damage . . . .

3

2551367v.1

A copy of the Lease Agreement is attached hereto as Exhibit B.

13. Hartford issued a primary liability insurance policy to Second City bearing Policy No. 83 UUN LN4159, for the policy period of July 1, 2015 through July 1, 2016 (the "Hartford Policy"). A copy of the Hartford Policy is attached hereto as Exhibit C.

14. The Hartford Policy provides, in part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \*   \*   \*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your

4

2551367v.1

        managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

\*    \*    \*

6. Additional Insureds When Required By Written Contract, Written Agreement Or Permit

The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.

\*    \*    \*

c. Lessors of Land or Premises

Any person or organization from whom you lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to you.

With respect to the insurance afforded these additional insureds the following additional exclusions apply:

This insurance does not apply to:

\*    \*    \*

        2.      Structural alterations, new construction or demolition operations performed by or on behalf of such person or organization.

*   *   *

**SECTION V -- DEFINITIONS**

*   *   *

20.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injury. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* Ex. C.

15.    Old Town tendered the *Third-Party Lawsuits* to Hartford requesting coverage under the Hartford Policy as an additional insured.

16.    Hartford denies any obligation to provide Old Town with coverage in connection with the *Third-Party Lawsuits*.

17.    An actual controversy exists between the parties concerning the parties' rights and obligations with respect to coverage for the claims in the *Third-Party Lawsuits* under the Hartford Policy at issue, and pursuant to 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

2551367v.1

## COUNT I

### OLD TOWN IS NOT AN INSURED UNDER THE HARTFORD POLICY

18. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19. Subject to all of its terms, the Hartford Policy provides coverage to those designated as Named Insureds in the Hartford Policy's Declarations.

20. Old Town is not a Named Insured under the Hartford Policy.

21. Subject to all of its terms, the Hartford Policy provides coverage as an additional insured to any person or organization from whom Second City leased land or premises, "but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to [Second City]."

22. The *Third-Party Lawsuits* do not concern Old Town's liability arising out of its ownership, maintenance or use of the part of the premises leased to Second City. Rather, Old Town's liability arises from its ownership, maintenance, or use of space in the Building leased to others.

23. As such, Old Town is not an additional insured under the Hartford Policy and Hartford owes no duty to defend or indemnify Old Town from the claims asserted in the *Third-Party Lawsuits*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A.    Finding that Hartford owes no duty to defend or indemnify Old Town from the claims asserted in the *Third-Party Lawsuits*; and

    B.    For all such just and equitable relief, including costs for this suit.

## COUNT II

### STRUCTURAL ALTERATION/NEW CONSTRUCTION EXCLUSION
### PRECLUDES COVERAGE UNDER THE HARTFORD POLICY

24. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

25. The Hartford Policy precludes coverage to any additional insured for structural alterations or new construction performed by, or on behalf of, any person or organization from whom the insured leases land or premises.

26. To the extent the *Third-Party Lawsuits* do allege any liability arising out of the ownership, maintenance or use of that part of the land or premises leased to Second City, which is not the case, this Exclusion precludes coverage.

27. Therefore, Hartford owes no duty to defend or indemnify Old Town for the *Third-Party Lawsuits*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A. Finding that Hartford owes no duty to defend or indemnify Old Town from the claims asserted in the *Third-Party Lawsuits*; and

B. For all such just and equitable relief, including costs for this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
    One of the Attorneys for Hartford Underwriters Insurance Company

Michael J. Duffy (6196669)
michael.duffy@wilsonelser.com
Christopher M. Sweeney (6322839)
christopher.sweeney@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550

9