# GROUP Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, <br> as subrogee of THE SECOND CITY, INC., <br> THE SECOND CITY, INC. and WEST BEND <br> MUTUAL INSURANCE COMPANY, as subrogee <br> of FLEET FEET SPORTS DEVELOPMENT <br> COMPANY, <br><br> Plaintiff, <br> v. <br><br> ADOBO LIMITED PARTNERSHIP, an Illinois <br> Limited partnership, ACTION FIRE <br> EQUIPMENT, INC., a corporation, and <br> AVERUS, INC. a Wisconsin corporation, <br><br> Defendants. | No. 16 L 11363 <br> Cons. w/17 L 01010 |

## ACTION FIRE EQUIPMENT, INC.'S AMENDED THIRD PARTY COMPLAINT FOR CONTRIBUTION AGAINST OLD TOWN DEVELOPMENT ASSOCIATES LLC

NOW COMES the Defendant/Third Party Plaintiff, ACTION FIRE EQUIPMENT, INC. ("ACTION FIRE"), by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for its Amended Third Party Complaint for Contribution against OLD TOWN DEVELOPMENT ASSOCIATES, LLC ("OLD TOWN"), states as follows:

1. The Plaintiffs have filed this action against ACTION FIRE to recover property damages that they allegedly sustained on August 26, 2015, when a fire broke out in the Adobo Grill restaurant located at 1616 North Wells Street, in Chicago, Illinois.

2. The building, commonly known as Piper's Alley (the "Building"), was owned by OLD TOWN, and fire broke out in the space that was leased by ADOBO LIMITED PARTNERSHIP ("ADOBO"), and operated under the name Adobo Grill. (A true and accurate copy of the lease between OLD TOWN and ADOBO, dated October 23, 1998 ("Adobo Lease"), is attached hereto as Exhibit A.)

1

3. Plaintiffs' insureds are co-tenants with ADOBO in the Building.

4. In 1998, ADOBO submitted plans and specifications to OLD TOWN for the buildout of Unit 5 of the Building, said unit to be used as a full service sit down restaurant.

5. Pursuant to Section 2.3 of the Adobo Lease, OLD TOWN had the right to approve ADOBO's plans and specifications for, inter alia, compliance with Exhibit C, 10 (k), wherein the Tenant is responsible for compliance with all applicable codes, and 10 (c), wherein all equipment used by ADOBO must be UL approved and approved by the City of Chicago's Bureau of Fire Prevention.

6. Pursuant to Exhibit C of the Adobo Lease, specifically, Section 4(d), all ventilating, exhaust or air handling facilities required by applicable codes or deemed necessary or desirable by ADOBO were subject to OLD TOWN's prior written approval.

7. Pursuant to Section 11.2 of the Adobo Lease, Negative Covenants, specifically, Section 11.2.12, ADOBO was prohibited from using the Building for any act which is in violation of public law, ordinance or governmental regulation or which may be dangerous to persons or property.

8. Pursuant to Section 12 of the Adobo Lease, Rights Reserved to Landlord, specifically, Section 12.5, OLD TOWN had the right to enter the ADOBO space to make inspections.

9. Pursuant to Section 12 of the Adobo Lease, Right Reserved to Landlord, specifically, Section 12.7, OLD TOWN had the right at any time to make repairs and replacements in or to the Adobo Lease space or the Building or any part thereof.

10. On January 1, 2011, OLD TOWN entered into a lease with THE SECOND CITY, INC. ("SECOND CITY"), for the leasing of, inter alia, the first floor ticket booth area, second

and third floor office space and several theatre spaces in the Building. (A true and accurate copy of said lease ("Second City lease") is attached hereto as Exhibit B.)

11. Pursuant to Exhibit B-1 of the Second City lease, titled "Description of Landlord's Work", OLD TOWN agreed to, at its sole cost and expense, extend the existing Black Iron exhaust system from the Adobo Grill space by an additional four feet in an attempt to eliminate or reduce food odors from the Adobo Grill space.

12. Prior to the date of the fire, OLD TOWN entered in at a lease with DL ZIMCO, Inc. d/b/a Fleet Feet Sports ("FLEET FEET") for the leasing of, inter alia, portions of the first floor of the Building. (A true and accurate copy of the lease between OLD TOWN and FLEET FEET ("Fleet Feet Lease") is attached hereto as Exhibit C.)

13. At all relevant times, by virtue of the Adobo Lease, a special relationship (Landlord/Tenant) existed between OLD TOWN and ADOBO.

14. At all relevant times, by virtue of the Second City Lease, a special relationship (Landlord/Tenant) existed between OLD TOWN and THE SECOND CITY, INC.

15. At all relevant times, by virtue of the Fleet Feet Lease, a special relationship (Landlord/Tenant) existed between OLD TOWN and FLEET FEET.

16. Before and at the time of the occurrence alleged in Plaintiffs' Complaint, OLD TOWN was under a duty to exercise reasonable and ordinary care to maintain and inspect its property, specifically the Building, including its leased spaces.

17. Before and at the time of the occurrence alleged in Plaintiffs' Complaint, OLD TOWN was under a duty to exercise reasonable and ordinary care in leasing its property.

18. Before and at the time of the occurrence alleged in Plaintiffs' Complaint, OLD TOWN owed a duty to ensure that the Adobo Grill's hood and ductwork system complied with

3

all applicable codes and standards at all relevant times.

19. OLD TOWN owed a duty to ensure that the contractors performing remodeling work in 1998 on the Adobo Grill's hood and ductwork system performed the work in accordance with, and that the work conformed to all applicable codes and standards at all relevant times and in accordance with the plans, drawings and specifications approved for the hood and duct work system.

20. OLD TOWN owed a duty to inspect the Adobo Grill's hood and ductwork system prior to extending the Black Iron exhaust system in Adobo Grill in 2011.

21. OLD TOWN owed a duty to ensure that it or the contractors it hired to perform the extension of the Black Iron Duct work in 2011 performed the work in accordance with, and that the work conformed to all applicable codes and standards at all relevant times.

22. Alleging in the alternative and without prejudice to the denials contained in its Answers to Plaintiffs' Complaints, if Plaintiffs' insureds sustained damages as alleged in Plaintiffs' Complaints, then said damages were sustained as a direct and proximate result of OLD TOWN's breach of its duties when it committed and or allowed its tenants to commit, one or more of the following negligent acts and/or admissions:

    a. Failed to ensure that the Building complied with all applicable building and safety codes and standards;

    b. Failed to properly examine plans and specifications submitted by ADOBO regarding the remodeling work in 1998 on the Adobo Grill's hood and ductwork system for compliance with the Chicago Municipal Code and NFPA 96 regarding commercial kitchen grease ducts and exhaust equipment;

    c. Approved plans and specifications for the remodeling work in 1998 for the Adobo Grill's hood and ductwork system that were not in compliance with the Chicago Municipal Code and NFPA 96 regarding commercial kitchen grease ducts and exhaust equipment;

4

    d.    Failed to ensure that the contractors performing remodeling work in 1998 on the Adobo Grill's hood and ductwork system performed the work in accordance with the proper portions of plans and specifications for the project, including but not limited to, the installation of a vertical exhaust duct run, continuous liquid tight grease ducts and wrapped grease ducts;

    e.    Failed to ensure that the contractors performing remodeling work in 1998 on the Adobo Grill's hood and ductwork system performed the work in accordance with all applicable codes and standards;

    f.    Permitted commercial kitchen grease ducts in the Building that were not made with a continuous liquid-tight weld or braze made on the external surface of the duct system, in violation of Chicago Municipal Code, Section 18-28-506.3.3, and NFPA (1998) 96 4-5.2A;

    g.    Permitted commercial kitchen hood and grease ducts in the subject building with improper clearance to combustibles, in violation of Chicago Municipal Code, Section 18-28-506.3.7 and NFPA (1998) 4-7.2.3;

    h.    Failed to advise Adobo Grill of certain defects in the subject ductwork, including but not limited to the lack of proper clearance to combustibles, the improper materials used in certain portions of the subject ductwork and/or the use of unwelded seams located throughout the subject ductwork;

    i.    Failed to advise tenants SECOND CITY and FLEET FEET of the defects in the subject ductwork, including but not limited to the lack of proper clearance to combustibles, the improper materials used in certain portions of the subject ductwork and/or the use of unwelded seams located throughout the subject ductwork;

    j.    Was otherwise careless and negligent.

23.    One or more of the aforementioned acts and/or omissions on the part of OLD TOWN were a direct and proximate cause of the injuries and losses allegedly sustained by Plaintiffs' insureds.

24.    At all times relevant, there was in existence a statute known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01, et. seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff according to the respective percentage of fault.

5

25. If judgment is entered in favor of Plaintiffs and against ACTION FIRE, then ACTION FIRE is entitled to a judgment in its favor and against OLD TOWN for contribution pursuant to 740 ILCS 100/0.01, et. seq. in the amount that shall constitute its contributory share of responsibility on the part of OLD TOWN.

WHEREFORE, Defendant, ACTION FIRE EQUIPMENT, INC., requests judgment in its favor and against OLD TOWN DEVELOPMENT ASSOCIATES LLC, and that any damages awarded to Plaintiffs be apportioned in accordance with the parties' and non-parties' percentage of culpability pursuant to 740 ILCS 100/0.01, et. seq., and for such other further relief this Honorable Court deems fair and reasonable, including but not limited to, costs of suit.

                                              Respectfully submitted,

                                              LEAHY, EISENBERG & FRAENKEL, LTD.

                                              By: /s/ *signature*

                                              Attorney for ACTION FIRE EQUIPMENT, INC.

Thomas J. Finn (tjf@lefltd.com)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554
Attorney No. 45875

MM-77031

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, a/s/o of THE SECOND CITY, INC., THE SECOND CITY, INC. and WEST BEND MUTUAL INSURANCE COMPANY, a/s/o FLEET FEET SPORTS DEVELOPMENT CO., <br><br> Plaintiffs, <br><br> v. <br><br> ADOBO LIMITED PARTNERSHIP, an Illinois limited partnership, ACTION FIRE EQUIPMENT, INC., a corporation and AVERUS, INC., a Wisconsin incorporation, <br><br> Defendants. <br><br> AVERUS, INC., a Wisconsin corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> OLD TOWN DEVELOPMENT ASSOCIATES, LLC. <br><br> Third-Party Defendant. | No. 2016 L 011363 <br> (Consolidated w/2017 L 001010) |

FILED 2017 NOV 29 AM 11:21 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL B-15

## AVERUS, INC.'S AMENDED THIRD PARTY COMPLAINT FOR CONTRIBUTION AGAINST OLD TOWN DEVELOPMENT ASSOCIATES, LLC

NOW COMES Defendant/Third-Party Plaintiff AVERUS, INC. (hereinafter "AVERUS"), by and through its attorneys, KRALOVEC AND MARQUARD, CHARTERED, and for its Amended Third Party Complaint for Contribution against Third-Party Defendant OLD TOWN DEVELOPMENT ASSOCIATES, LLC. (hereinafter "OLD TOWN"), states and alleges as follows:

1. Plaintiffs in this subrogation action, HARTFORD FIRE INS. CO., as subrogee of The Second City, Inc., and WEST BEND MUTUAL INS. CO., as subrogee of Fleet Feet Sports Development Co., have filed a Complaint at Law (the "Complaint) against AVERUS, Inc. to recover monies paid under insurance policies to cover losses allegedly sustained by their respective insureds on August 26, 2015, as a result a fire that broke out in the Adobo Grill restaurant located in a building at 1616 North Wells Street, in Chicago, Illinois.

2. The building, commonly known as Piper's Alley, was owned by OLD TOWN DEVELOPMENT ASSOCIATES, and the space the fire broke out was leased by ADOBO LIMITED PARTNERSHIP, and operated under the name Adobo Grill ("ADOBO"). (A true and accurate copy of the lease between OLD TOWN and ADOBO, dated October 23, 1998 ("Adobo Lease"), is attached hereto as Exhibit A.)

3. Plaintiffs' insureds are co-tenants with ADOBO in the Piper Alley Building.

4. In 1998, ADOBO submitted plans and specifications to OLD TOWN for the buildout of unit 5 of the subject Piper's Alley building, said unit to be used as a full service sit down restaurant.

5. Pursuant to Section 2.3 of the Adobo lease, OLD TOWN had the right to approve ADOBO's plans and specifications for, inter alia, compliance with Exhibit C, 10 (k), wherein Tenant is responsible for compliance with all applicable codes, and 10 (c), wherein all equipment used by ADOBO must be UL approved and approved by the City of Chicago's Bureau of Fire Prevention.

6. Pursuant to Exhibit C of the Adobo lease, specifically, Section 4(d), all ventilating, exhaust or air handling facilities required by applicable codes or deemed necessary or desirable by ADOBO were subject to OLD TOWN's prior written approval.

2

7. Pursuant to Section 11.2 of the Adobo lease, Negative Covenants, specifically, Section 11.2.12, ADOBO was prohibited from using the Premises for any act which is in violation of public law, ordinance or governmental regulation or which may be dangerous to persons or property.

8. Pursuant to Section 12 of the Adobo lease, Rights Reserved to Landlord, specifically, Section 12.5, OLD TOWN had the right to enter the ADOBO space to make inspections.

9. Pursuant to Section 12 of the Adobo lease, Right Reserved to Landlord, specifically, Section 12.7, OLD TOWN had the right at any time to make repairs and replacements in or to the Adobo lease space or the subject Piper's Alley building or any part thereof.

10. On January 1, 2011, OLD TOWN entered into a lease with THE SECOND CITY, INC. ("SECOND CITY"), for the leasing of, inter alia, the first floor ticket booth area, second and third floor office space and several theatre spaces in the subject Piper's Alley building. (A true and accurate copy of said lease ("Second City lease") is attached hereto as Exhibit B.)

11. Pursuant to Exhibit B-1 of the Second City lease, titled "Description of Landlord's Work", OLD TOWN agreed to, at its sole cost and expense, extend the existing Black Iron exhaust system from the Adobo Grill space by an additional four feet in an attempt to eliminate or reduce food odors from the Adobo Grill space.

12. Prior to the date of the fire, OLD TOWN entered in at a lease with DL ZIMCO, Inc. d/b/a Fleet Feet Sports ("FLEET FEET") for the leasing of, inter alia, portions of the first floor of the subject Piper's Alley building. (A true and accurate copy of the lease between OLD TOWN and FLEET FEET ("Fleet Feet lease") is attached hereto as Exhibit C.)

3

13. At all relevant times, by virtue of the Adobo lease, a special relationship (Landlord/Tenant) existed between OLD TOWN and ADOBO.

14. At all relevant times, by virtue of the Second City lease, a special relationship (Landlord/Tenant) existed between OLD TOWN and THE SECOND CITY, INC.

15. At all relevant times, by virtue of the Fleet Feet lease, a special relationship (Landlord/Tenant) existed between OLD TOWN and FLEET FEET.

16. Before and at the time of the occurrence alleged in Plaintiffs' Complaint, OLD TOWN was under a duty to exercise reasonable and ordinary care to maintain and inspect its property, specifically the subject Piper's Alley building, including its leased spaces.

17. Before and at the time of the occurrence alleged in Plaintiffs' Complaint, OLD TOWN was under a duty to exercise reasonable and ordinary care in leasing its property.

18. Before and at the time of the occurrence alleged in Plaintiffs' Complaint, OLD TOWN owed a duty to ensure that the Adobo Grill's hood and ductwork system complied with all applicable codes and standards at all relevant times.

19. OLD TOWN owed a duty to ensure that the contractors performing remodeling work in 1998 on the Adobo Grill's hood and ductwork system performed the work in accordance with, and that the work conformed to all applicable codes and standards at all relevant times and in accordance with the plans, drawings and specifications approved for the hood and duct work system.

20. OLD TOWN owed a duty to inspect the Adobo Grill's hood and ductwork system prior to extending the Black Iron exhaust system in Adobo Grill in 2011.

4

21. OLD TOWN owed a duty to ensure that it or the contractors it hired to perform the extension of the Black Iron Duct work in 2011 performed the work in accordance with, and that the work conformed to all applicable codes and standards at all relevant times.

22. Alleging in the alternative and without prejudice to the denials contained in its Answers to Plaintiffs' Complaints, if Plaintiffs' insureds sustained damages as alleged in Plaintiffs' Complaints, then said damages were sustained as a direct and proximate result of OLD TOWN's breach of its duties when it committed and or allowed its tenants to commit, one or more of the following negligent acts and/or admissions:

    a. Failed to ensure that the building complied with all applicable building and safety codes and standards;

    b. Failed to properly examine plans and specifications submitted by ADOBO regarding the remodeling work in 1998 on the Adobo Grill's hood and ductwork system for compliance with the Chicago Municipal Code and NFPA 96 regarding commercial kitchen grease ducts and exhaust equipment;

    c. Approved plans and specifications for the remodeling work in 1998 for the Adobo Grill's hood and ductwork system that were not in compliance with the Chicago Municipal Code and NFPA 96 regarding commercial kitchen grease ducts and exhaust equipment;

    d. Failed to ensure that the contractors performing remodeling work in 1998 on the Adobo Grill's hood and ductwork system performed the work in accordance with the proper portions of plans and specifications for the project, including but not limited to, the installation of a vertical exhaust duct run, continuous liquid tight grease ducts and wrapped grease ducts;

    e. Failed to ensure that the contractors performing remodeling work in 1998 on the Adobo Grill's hood and ductwork system performed the work in accordance with all applicable codes and standards;

    f. Permitted commercial kitchen grease ducts in the subject building that were not made with a continuous liquid-tight weld or braze made on the external surface of the duct system, in violation of Chicago Municipal Code, Section 18-28-506.3.3, and NFPA (1998) 96 4-5.2.1;

5

g. Permitted commercial kitchen hood and grease ducts in the subject building with improper clearance to combustibles, in violation of Chicago Municipal Code, Section 18-28-506.3.7 and NFPA (1998) 4-7.2.3;

h. Failed to advise Adobo Grill of certain defects in the subject ductwork, including but not limited to the lack of proper clearance to combustibles, the improper materials used in certain portions of the subject ductwork and/or the use of unwelded seams located throughout the subject ductwork;

i. Failed to advise tenants SECOND CITY and FLEET FEET of the defects in the subject ductwork, including but not limited to the lack of proper clearance to combustibles, the improper materials used in certain portions of the subject ductwork and/or the use of unwelded seams located throughout the subject ductwork;

j. Was otherwise careless and negligent.

23. One or more of the aforementioned acts and/or omissions on the part of OLD TOWN were a direct and proximate cause of the injuries and losses allegedly sustained by Plaintiffs' insureds.

24. At all times relevant there was in existence a statute known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01, et. seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff according to the respective percentage of fault.

25. If judgment is entered in favor of Plaintiffs and against AVERUS, then AVERUS is entitled to a judgment in its favor and against OLD TOWN for contribution, pursuant to 740 ILCS 100/0.01, et. seq., in the amount equal to the relative degree of fault attributable to OLD TOWN.

WHEREFORE, Defendant/Third-Party Plaintiff, AVERUS, INC, prays that in the event it is found liable to Plaintiffs under any theory of recovery, which liability is specifically denied, that judgment be entered in its favor and against Third-Party Defendant, OLD TOWN

6

DEVELOPMENT ASSOCIATES, LLC, for contribution in an amount commensurate with the relative degree of fault attributable to the Third-Party Defendant OLD TOWN DEVELOPMENT ASSOCIATES, LLC.

KRALOVEC AND MARQUARD, CHARTERED

By: _____
Attorney for Defendant/Third Party Plaintiff, Averus, Inc.

Michael J. Mullen
Daniel J. Donnelly
Cameron J. Wall
KRALOVEC & MARQUARD, CHARTERED
55 West Monroe Street, Suite 1000
Chicago, IL 60603
(312) 346-6027
(312) 346-6028
Firm I.D. 34616
mike.mullen@kraloveclaw.com
daniel.donnelly@kraloveclaw.com
cameron.wall@kraloveclaw.com